**HEDGER TRANSP. CO. v. THE IDEAL et al.**

**THE B & B NO. 6.**

**THE EVELYN MATHIASEN.**

**THE TRANSFER NO. 3.**

**No. 16833.**

District Court, E. D. New York.

Jan. 19, 1944.

Platow & Lyon, of New York City (John A. Lyon, of New York City, of counsel), for libellant, Hedger.

Mahar & Mason, of New York City (Frank Mason, of New York City, of counsel), for Mathiasen Shipping Co.

Duncan & Mount, of New York City (Frank Bull, of New York City, of counsel), for Bethlehem Steel Co.

Kirlin, Campbell, Hickox, Keating & Mc-Grann, of New York City (Robert S. Erskine and John F. Gerity, both of New York City, of counsel), for the United States.

Blank & Lesser, of Brooklyn, N. Y. (Harry Teichner, of Brooklyn, N. Y., of counsel), for Dillon Towing Co.

MOSCOWITZ, District Judge.

The W. E. Hedger Transportation Company, the Libellant, was the owner of the Barge B & B No. 6 and bailee of the cargo.

On May 10, 1943, at about 2:00 p. m., the B & B No. 6 was in all respects seaworthy and was lying properly secured on the starboard side of a crane which was loading ore into the B & B No. 6 from a steamer, the Pierre DuPont, which was lying on the east side of the Pier at the foot of Columbia Street, Brooklyn.

The steamer Hyelmaren was proceeding from east to west in the Gowanus Canal in tow of the tugs Ideal, Evelyn Mathiasen and Transfer No. 3. The Ideal had a hawser running from her stern to the Hyelmaren's bow, about 150 feet long. The Evelyn Mathiasen was at the starboard stern quarter of the Hyelmaren and the Transfer No. 3 was on her port stern quarter.

The Hyelmaren came in contact by colliding with the port side of the B & B No. 6 causing damage to the B & B No. 6. The question arises as to who was at fault. The Hyelmaren was being transported by these three tugs, the Ideal, the Evelyn Mathiasen and Transfer No. 3 from 18th Street, Gowanus Canal, to Pier H, Delaware, Lackawanna & Western Railroad, and she was deeply laden. The Master of the Transfer No. 3 was on her bridge acting in the capacity of pilot and was assisted by the Master and others in the ship's employ.

No difficulty was encountered until the Hyelmaren and her tugs approached in the vicinity of Pier 3, Bethlehem Shipyards, as shown on Mathiasen Exhibit 1. At that pier, the steamship Helma was tied up being repaired by the Bethlehem Steel Company, Inc. The Helma was owned by the United States of America.

As I have stated, the ship Hyelmaren with her tugs was proceeding in the proper manner about the middle of the channel

when she was affected by the quick-water from the steamship Helma. Those in charge of the Hyelmaren exercised reasonable care and control in her operation but due to the quick-water, she was brought into collision with the B & B No. 6 without any fault on the part of the tugs Ideal, Evelyn Mathiasen and Transfer No. 3.

The accident was caused solely because of the effect of the quick-water. Had those in charge of the Hyelmaren actually stopped it dead in the water perhaps greater damage would have been caused as the Canal was greatly crowded and I hold that the Master of the Transfer No. 3, John Martin, acting as pilot of the Hyelmaren, did all that he reasonably could to avoid the accident. When it appeared that there was danger, he blew the alarm and exercised reasonable care so that the accident was caused solely through the fault of this quick-water.

As I have stated, the vessel Helma was being repaired by the Bethlehem Steel Company, Inc. and while making its tests should have had a lookout on board the Helma so as to protect the navigation. While it was true that Olsen, who was in the employ of the United States, was the engineer of the Helma and did the physical work in causing the propellers to turn, it was under the direction of the Bethlehem Steel Company as it was necessary, in order to test the work, to constantly turn over the propeller.

The Bethlehem Steel Company was the sole cause of this accident. It failed to exercise reasonable care in protecting navigation and was negligent in turning over these propellers at great speed, causing the quick-water which affected transportation in Gowanus Canal, and should have had lookouts to warn the ship.

I therefore conclude that the accident was caused solely through the fault of the Bethlehem Steel Company, Inc. with no fault on the part of the tugs Ideal, Evelyn Mathiasen and Transfer No. 3, and at the time the actual operation of the engine and the propeller were under the supervision and control of the Bethlehem Steel Company.

Decree accordingly. Settle findings and decree on notice.